IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02287-WDM-PAC

ALEXANDER GORKIN,

　　　　Plaintiff(s),

v.

VINNELL CORPORATION,


　　　　Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Patricia A. Coan, Magistrate Judge**

　　　　This is an employment case.  Plaintiff brings claims of national origin

(Russian) discrimination and retaliation under Title VII of the Civil Rights Act of 1964,

and as amended.  In addition, Mr. Gorkin alleges promissory estoppel, breach of

implied contract, breach of an express covenant of good faith and fair dealing and

wrongful discharge in violation of public policy under Colorado law.  A January 7, 2004

Order of Reference referred this case to the undersigned for pretrial case

management.  Now before the Court are defendant's Motion to Strike Newly Added

Claims Included by Plaintiff in the Final Pretrial Order[ filed April 25, 2005] and

Plaintiff's Motion to Amend Complaint [filed May 6, 2005].  The matters have been

briefed and a hearing was held on July 7, 2005.

## I. Motion to Strike

When counsel prepared the draft final pretrial order, plaintiff's counsel added a claim for hostile working environment and a new factual allegation, which is that the hostile environment engendered by plaintiff's supervisor, Mr. Biefnes, was continued by Rosa Garcia, plaintiff's supervisor after Mr. Biefnes.  Defendant argued at the final pretrial conference April 14, 2005 that the new claim and the new factual allegation should not be included in the final pretrial order.

The standard for modifying a final pretrial order is to prevent manifest injustice to the moving party.  *Koch v. Koch industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000); *and see* Fed.R.Civ.P. 16(e) ("The order following a final pretrial conference shall be modified only to prevent manifest injustice."). The burden of demonstrating manifest injustice falls upon the party moving for modification. *Id.* (internal citation omitted).

A motion to amend the final pretrial order is committed to the district court's sound discretion. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000). Factors relevant in the exercise of that discretion include: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Koch*, 203 F.3d at 1222 (citations omitted). Another factor is whether the moving party

acted in a timely manner. *Koch*, 203 F.3d at 1222-23.

Defendant now moves to strike the hostile working environment claim and the statement implicating Rosa Garcia. As grounds for its motion, defendant argues that it is unfair and that would be prejudiced if the new claim and the allegation regarding Garcia were allowed to remain in the final pretrial order because discovery has been completed and would need to be reopened concerning the new claim and facts. The extent of discovery that may be needed is unknown because plaintiff failed to provide a proposed amended complaint for defense counsel's consideration. Defendant also contends that the discovery may result in the grounds for the filing of another dispositive motion. *See* Def. Mo. to Strike at 2-4.

Plaintiff argues that defendant was on notice of a hostile environment claim because plaintiff set forth facts in the complaint to support all the elements of a hostile environment claim. *See* Pl. May 6, 2005 Resp. at 2. In support of his position, plaintiff points to the complaint, in which plaintiff stated that he was subjected to discriminatory comments by his supervisor, Biefnes; that Biefnes advised plaintiff that only English was to be spoken in the workplace; that plaintiff spoke Russian to Russian clients which Biefnes said was "unprofessional," when other employees could speak to customers and clients in their own languages, which were not English; and that Biefnes posted a "Proud to be an American" flyer in the workplace in which he stated that immigrants should not "dilute" the American population; that only

3

English should be spoken once an immigrant moves to this county; that he did not care how immigrants did things in their countries of origin; and that if immigrants did not like this country, they could just leave. *See* Complaint, ¶¶15-18. Plaintiff also states he was terminated from his employment with defendant for alleged "disregard of [company] policies." *Id.* ¶26. On those facts, plaintiff alleged Title VII discrimination because of his Russian national origin; retaliation under Title VII, promissory estoppel; breach of the employment handbook; breach of an express covenant of good faith and fair dealing; and wrongful discharge in violation of public policy. *Id.* at 7-10. The complaint does not contain a hostile working environment claim nor any statement concerning Rosa Garcia.

Defendant responds that plaintiff knew of the facts giving rise to a hostile environment claim in 2002 because he brought an EEOC charge which contained an allegation of hostile environment. *See* Def. May 17, 2005 Resp. to Pl. Mo. to Amend, Mo. to Strike, Ex. A-3 (in which plaintiff stated "since his date of hire, the Charging Party has been subjected to a hostile work environment by his immediate supervisor, Donald Biefnes. . .in the form of verbal harassment such as name calling in front of other employees. . .[and] Mr. Biefnes continually makes disparaging remarks about Russians and non-citizen immigrants.")[1] Plaintiff also knew that Garcia succeeded

---

[1] At the hearing, plaintiff's counsel acknowledged that he had drafted the EEOC charge.

Biefnes as plaintiff's supervisor before plaintiff was terminated.

After consideration of counsel's arguments, I first recommend finding that defendant first was aware that plaintiff intended to add the new claim and the allegation against the successor supervisor when the pretrial order was being drafted. *See id.* at 2-3. Defendant appropriately raised the issue of inclusion of the new claim and the factual allegation concerning Garcia at the final pretrial conference. I entered the final pretrial order over defendant's objection.

Second, there is no mention in the complaint of a hostile environment claim. There is also no mention of Rosa Garcia.

Third, applying the *Koch* test, I recommend finding: (1) that defendant would be prejudiced by the addition of the new claim and the statements concerning Garcia because discovery has been closed for five months and the dispositive motions deadline past four months ago. Defendant would have to engage in discovery and possibly file another dispositive motion when it had a right to rely on the finality of the Scheduling Order deadlines in order to prepare this case for trial; (2) there is time before trial for defendant to cure the prejudice by engaging in discovery; (3) this case was in discovery for eleven months, from March of 2004 until February of 2005, and to reopen discovery and have another round of dispositive motions' briefing would disrupt the orderly and efficient trial of this matter; (4) while I recommend finding carelessness on the part of plaintiff's counsel, I do not find bad faith; and finally, 5) it

is clear that plaintiff did not move in a timely manner to include the new claim and

factual statement in his pleadings.  On balance, two *Koch* factors weigh in favor of

plaintiff and three factors weigh in favor of defendant.  Accordingly, I will recommend

that defendant's motion to strike be granted.

## II.  Motion to Amend Complaint

The final pretrial order is the controlling document for trial. *Wilson v. Muckala*,

303 F.3d 1207, 1215 (10th Cir.2002)(internal citation omitted). "[T]he inclusion of a

claim in the pretrial order is deemed to amend any previous pleadings which did not

include that claim." *Id.* Accordingly, if I had recommended denial of the motion to

strike, then the pretrial order with the new information would have amended the

pleadings, mooting plaintiff's motion to amend.  Since I recommend granting

defendant's motion to strike, I turn to Rule 15(a) and Rule 16(b) which govern motions

to amend.

Plaintiff seeks to add the hostile environment claim and to add the allegation

that  the hostile environment continued under Rosa Garcia to his complaint.

Defendant opposes amendment for essentially the same reasons as stated in its

motion to strike.

Rule 15 applies to a motion to amend a complaint.  Fed. R. Civ. P. 15(a)

provides for liberal amendment of pleadings.  Under well-established law, leave to

amend is a discretionary matter which is left to the trial court to determine.  *Foman v.*

6

*Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785,

799 (10th Cir.1998).  Amendment under the rule has been freely granted.

*Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571, 1585 (10th Cir. 1993)

(internal citations omitted).  Refusing leave to amend is justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive.  *Las*

*Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.

1990).

Plaintiff relies upon a liberal interpretation of Rule 15, arguing that: plaintiff set

forth all the elements of a hostile environment claim in his complaint so that

defendant has had ample notice of the claim; plaintiff should proceed to trial on all the

merits of his claims; and defendant would not be prejudiced because it has engaged

in discovery concerning Rosa Garcia and was, in any event, unable to identify what

discovery it needed if the amendment were permitted; and finally, there is no

prejudice to defendant because the trial date is eleven months away.

The complaint was filed November 14, 2003. The deadline for joinder and

amendment in the Scheduling Order was May 1, 2004.  *See* March 11, 2004

Scheduling Order at 9.  Plaintiff did not ask for an extension of time to amend his

pleadings.  At minimum, I recommend finding that plaintiff knew he had a hostile

environment claim in late 2002 because he stated he had been subjected to a hostile

work environment by his immediate supervisor in the EEOC charge plaintiff filed on November 18, 2002.  *See* defendant's May 17, 2005 Response, Exhibit A-3 (EEOC charge drafted by plaintiff's current attorney).  Nonetheless, plaintiff seeks leave to amend his complaint a year and a half after the complaint was filed, and a year after the deadline to amend has passed, even though plaintiff knew at the time he filed his complaint that he had stated a claim for a hostile working environment with the EEOC the previous year.  Plaintiff further knew that Garcia became his supervisor after Biefnes because his complaint references his termination from employment with defendant, and the hostile working environment had to take place before the termination.

Even under the liberal standards for allowing amendments, untimeliness alone may be a sufficient basis for denial of leave to amend and prejudice to the opposing party need not also be shown.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *Las Vegas,* 893 F.2d at 1185.  Courts look to the reasons for the delay and the presence or absence of excusable neglect. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987). Leave to amend may be denied where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend. *Id.* Stated another way, where the party seeking an untimely amendment knows or should have known of the facts upon

8

which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial. *See Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991); *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir.1984)(internal citations omitted).

Here, it is clear that plaintiff was aware of the facts giving rise to a claim of hostile working environment under Title VII when he filed his EEOC charge in November 2002.  It is also clear that plaintiff knew of the harassment by Garcia before he was terminated and before he filed his complaint in this action in November of 2003.  The motion to amend is therefore untimely and should be denied.

Moreover, this court has required good cause under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the scheduling order's deadline has passed.  *See Colorado Visionary Academy v. Medtronic, Inc.,* 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause).  As more fully explained in another decision from Magistrate Judge Boland:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

9

*Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal

citations omitted). A two step analysis is thus required. *Pumpco, Inc.*, 204 F.R.D. at

668. If the good cause requirement is met, then the court may consider whether leave

to amend should be permitted under Rule 15(a). *Id.*

Plaintiff, long after the deadline for filing motions to amend, seeks to add an

additional cause of action and a factual allegation that have not been previously

pleaded. For plaintiff to establish good cause for a late amendment, he is required to

show that the scheduling order's deadline could not have been met with diligence. All

of the facts giving rise to the claim and Garcia's involvement had occurred before the

November 2003 complaint was filed. Plaintiff has provided no reason why the cause

of action and the factual statement could not have been previously pleaded in the

November 2003 complaint. Plaintiff's counsel acknowledged at the July 7, 2005

hearing that he did not have good cause under Rule 16(b). Therefore, under the facts

presented here, I agree with Magistrate Judge Boland that "[c]arelessness is not

compatible with a finding of diligence and offers no reason for a grant of relief."

*Colorado Visionary Academy*, 194 F.R.D. at 687. I will recommend that plaintiff's

motion to amend his complaint be denied.

### III.  Recommendations

For the reasons stated, it is

**RECOMMENDED** that defendant's Motion to Strike Newly Added Claims included by Plaintiff in the Final Pretrial Order[ filed April 25, 2005] be **granted**.  It is further

**RECOMMENDED** that defendant's alternative request for discovery and leave to file a Rule 56 motion in defendant's Motion to Strike Newly Added Claims included by Plaintiff in the Final Pretrial Order[ filed April 25, 2005] be **denied**.  It is further

**RECOMMENDED** that plaintiff's claim of hostile working environment and of Ms. Garcia's involvement in the alleged hostile working environment be **deleted** from the April 14, 2005 final pretrial order.  It is further

**RECOMMENDED** that Plaintiff's Motion to Amend Complaint [filed May 6, 2005] be **denied**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the**

11

**magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated July 7, 2005.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge